UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| Trustees of the LOCAL 309 ELECTRICAL HEALTH AND WELFARE FUND; Trustees of the NECA-IBEW PENSION BENEFIT TRUST FUND; Trustees of the NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 309, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO,<br><br>Plaintiffs,<br><br>vs.<br><br>ZOIE, LLC,<br><br>Defendant. | ) ) ) ) ) ) ) ) Case No.  3:20-cv-00071 ) ) ) ) ) ) ) ) ) ) |

Serve:
   Zoie, LLC
   Attn: Mark Goldenberg, Agent
   2227 S. State Route 157
   Edwardsville, IL 62025

**COMPLAINT**

**PARTIES**

1. As set forth more fully below, Plaintiffs are trustees of various employee welfare, pension, and other benefit plans and funds.

2. Plaintiff, Local 309 International Brotherhood of Electrical Workers, AFL-CIO ("Local 309"), is a voluntary unincorporated association with its principal office in Collinsville, Illinois. Local 309 exists for the purpose of dealing with employee grievances, labor disputes, wages, rates of pay, hours of employment, terms or conditions of employment and for other purposes. It is a labor organization in an industry affecting commerce within the meaning of the

1

National Labor Relations Act (NLRA), 29 U.S.C. § 152(5) and the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.

3. Defendant Zoie LLC ("Defendant") is incorporated and existing under the laws of the State of Illinois.

4. At all times relevant to this action, Defendant has been engaged in the electrical construction and maintenance business with principal place of business at 2010 Martin Luther King Drive, East St. Louis, Illinois 62205.

5. Defendant is an employer within the meaning of the LMRA, as amended, 29 U.S.C. § 185 and within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## JURISDICTION AND VENUE

6. This action arises under Section 301 of the Labor Management Relations Act ("LMRA") of 1947, as amended, 29 U.S.C. § 185, and Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §§ 1132 and 1145, each of which provide that Federal District Courts have jurisdiction over suits thereunder.

7. Venue is proper in this Court in that an action brought by Trust Fund fiduciaries may be brought in a District where the breach took place, where a defendant resides or may be found, or where the plan is administered.  Section 502(e)(2) of ERISA, 29 U.S.C.§ 1132(e)(2). Defendant resides in this district.

## FACTS COMMON TO ALL COUNTS

8. On January 12, 2018, Dana Howard, President of Zoie, LLC, signed a "Letter of Assent-A" binding Defendant to the Outside Labor Agreement then in effect, and all subsequent Outside Labor Agreements between Local 309 and the American Line Builders Chapter, NECA ("Labor Agreements").  (Ex. 1).

9. During all times material herein, Defendant has been obligated by the provisions of the Labor Agreements to file reports and pay the monthly contributions due to the employee benefit trust funds covered by this Complaint for the benefit of eligible bargaining unit employees who are covered under the Trust Agreements and Trust Plans and to withhold authorized working dues from the paychecks of covered employees, and to report and pay those dues monthly along with the employee benefit contributions.

10. The Trust Agreements and Declarations of Trusts of the Plaintiff Trust Funds are incorporated into the Labor Agreements by reference.

11. At all times relevant hereto, Defendant has employed bargaining unit employees covered by the Labor Agreements.

12. For the period from September 2019 to November 2019, Defendant filed reports but failed to pay the contributions and working dues owed to Plaintiffs for hours worked and wages earned by its bargaining unit employees as required by the Labor Agreement. Defendant's failure to pay contributions and forward working dues is a continuing violation of the Labor Agreement and ERISA. A true and accurate copy of Defendant's reports are attached hereto and incorporated herein as Exhibit 2.

13. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the employee benefit trust funds. The Trustees of the Plaintiff Funds and Local 309 have duly established liquidated damages and interest to be applied to any contribution that is not paid when due.

14. Defendant owes an additional $968.10 in interest and liquidated damages as a result of its August 2018 delinquent contribution payment. (Ex. 3)

15. Under Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) and the Trust Agreements incorporated into the Labor Agreement, Defendant is obligated to pay attorney's fees and costs incurred by Plaintiff Funds in collecting unpaid contributions.

## **COUNT I – LOCAL 309 HEALTH AND WELFARE FUND CLAIMS**

**COME NOW** Plaintiffs, Trustees of the Local 309 Health and Welfare Fund ("Local 309 Health and Welfare Fund"), and for their cause of action state:

16. Plaintiffs reallege and incorporate as part of Count I paragraphs 1 – 15 as if set out herein in full.

17. The Local 309 Health and Welfare Fund is a covered "employee welfare benefit plan" as defined in Section (3)(1) of ERISA, 29 U.S.C. § 1002(1), and is administered in Collinsville, Illinois. It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

18. Plaintiffs Gary Bland, Tim Evans, Kenneth Keeney, Michael Stuart, Matthew Eichholz and Charles Busch are Trustees of the Local 309 Health and Welfare Fund and control and manage the operation and administration of the Local 309 Health and Welfare Fund. The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

19. Based on the records of the Defendant, Defendant owes contributions under the Labor Agreement to Local 309 Health and Welfare Fund for the months of September 2019 through November 2019 in the amount of $58,309.53. (Ex. 2).

20. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and

interest **or** double interest on contributions owed to the employee benefit trust funds. The Trustees of the Health and Welfare Fund have duly set rates for interest and liquidated damages.

21. Defendant will owe a certain amount in interest and liquidated damages on the late paid contributions owed for the period from September 2019 through November 2019. The Health and Welfare Fund cannot calculate interest and liquidated damages on these unpaid contributions until Defendant pays them.

**WHEREFORE,** the Trustees of the Health and Welfare Fund pray for an order and judgment against Defendant:

A. For payment of unpaid, underpaid, and delinquent contributions owed by Defendant to the Health and Welfare Fund for the period from September 2019 through November 2019 in the amount of $58,309.53;

B. For payment of interest and liquidated damages owed to the Health and Welfare Fund on the unpaid and delinquent contributions for the period from September 2019 through November 2019;

C. For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

D. For such further relief as the Court deems just, equitable and appropriate.

## COUNT II - NECA-IBEW PENSION BENEFIT TRUST FUND

**COME NOW** Plaintiffs, Trustees of the NECA-IBEW Pension Benefit Trust Fund ("Pension Fund"), and for their cause of action state:

22. Plaintiffs reallege and incorporate as part of Count II paragraphs 1 - 15 as if set out herein in full.

23.     The Pension Fund is a covered "employee pension benefit plan" as defined in Section (3)(2) of ERISA, 29 U.S.C. § 1002(2) and is administered in Earth City, Missouri.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

24.     Plaintiffs, Kelly McCord, David G. Butler, Jr., Steve Hughart, Jimmy Evans, Paul Flynn, Stephen D. Wilson, Johnny Dyke, Les Benton, Shane Sullivan, David Conder, and Mark Kawolsky are Trustees of the Pension Fund and control and manage the operation and administration of the Pension Fund.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

25.     Based on the records of the Defendant, Defendant owes contributions under the Labor Agreement to Pension Fund for the months of September 2019 through November 2019 in the amount of $95,526.93.  (Ex. 2).

26.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the employee benefit trust funds.  The Trustees of the Pension Trust have duly set rates for interest and liquidated damages.

27.     Defendant will owe a certain amount in interest and liquidated damages on the late paid contributions owed for the period from September 2019 through November 2019. The Pension Fund cannot calculate interest and liquidated damages on these unpaid contributions until Defendant pays them.

**WHEREFORE,** the Trustees of the Pension Fund pray for an order and judgment against Defendant:

A. For payment of unpaid, underpaid, and delinquent contributions owed by Defendant to the Pension Trust for the period from September 2019 through November 2019 in the amount of $95,526.93;

B. For payment of interest and liquidated damages owed to the Pension Trust on the late paid contributions owed for the period from September 2019 through November 2019;

C. For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

D. For such further relief as the Court deems just, equitable and appropriate.

### COUNT III - NATIONAL ELECTRICAL BENEFIT FUND

**COME NOW** Plaintiffs, the Trustees of the National Electrical Benefit Fund ("NEBF"), and for their cause of action against Defendant:

28. Plaintiffs reallege and incorporate as part of Count III paragraphs 1 - 15 as if set out herein in full.

29. The NEBF is a covered "employee benefit plan" as defined in Section (3)(2) of ERISA, 29 U.S.C. § 1002(2), and is administered in Rockville, Maryland. It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

30. Plaintiffs Lonnie Stephenson, David Long, Kenneth Cooper and Dennis Quebe are the Trustees of the NEBF. The Trustees are "fiduciaries" as defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

31. Based on the records of the Defendant, Defendant owes contributions under the Labor Agreements to the NEBF for the months of September 2019 through November 2019 in the amount of $11,463.11. (Ex. 4). Defendant's failure to pay contributions is a continuing violation of the Labor Agreements and ERISA.

32.    Defendant owes $333.44 in interest and $2,292.62 in liquidated damages on its unpaid contributions to the NEBF.

**WHEREFORE**, the Trustees of the NEBF pray for an order and judgment against Defendant:

A.    For payment of the $11,463.11 in unpaid and delinquent contributions for the months of September 2019 through November 2019.

B.    For payment of $333.44 in interest and $2,292.62 in liquidated damages owed on the $11,463.11 in unpaid and delinquent contributions for the months of September 2019 through November 2019, for a total of $14,089.17.

C.    For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

D.    For such further relief as the Court deems just, equitable and appropriate.

## COUNT IV – LOCAL 309 CLAIMS

**COMES NOW** Plaintiff, Local 309, and for its cause of action states:

1.    Plaintiffs reallege and incorporate as part of Count IV paragraphs 1 – 15 as if set out herein in full.

2.    Plaintiff, Local 309 International Brotherhood of Electrical Workers, AFL-CIO ("Local 309") is a voluntary unincorporated association with its principal office in Collinsville, Illinois.  Local 309 exists for the purpose of dealing with employee grievances, labor disputes, wages, rates of pay, hours of employment, terms or conditions of employment and for other purposes.  It is a labor organization in an industry affecting commerce within the meaning of the LMRA.

3.    Local 309's claims are for breach of contract and arise under Section 301 of the LMRA of 1947, as amended, 29 U.S.C. § 185.

4.	Venue is proper in this Court under 28 U.S.C. § 1391(b) in that a substantial part of events or omissions giving rise to this claim occurred in this District.

5.	Based on the records of the Defendant, Defendant owes working dues under the Labor Agreement to Local 309 for the months of September 2019 through November 2019 in the amount of $10,507.98. (Ex. 2).

**WHEREFORE**, Local 309 prays for an order and judgment against Defendant:

A.	For payment of the $10,507.98 in unpaid and delinquent Local 309 working dues for the months of September 2019 through November 2019.

B.	For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

C.	For such further relief as the Court deems just, equitable and appropriate.

Respectfully submitted,

SCHUCHAT, COOK & WERNER

*/s/ Natalie J. Teague*
Natalie J. Teague (61297MO)
Matthew B. Leppert (IL Bar #6283363)
Schuchat, Cook & Werner
1221 Locust Street, 2nd Floor
St. Louis, MO 63103
njt@schuchatcw.com
mbl@schuchatcw.com

802964.doc

9